PARKER, Acting Chief Judge.
Betty Cameron challenges the amended final judgment which reduced her judgment against Focus Financial Data Services, Inc. (Focus), a Florida corporation, and Michael Freitag, to $54,000. We affirm in part, reverse in part and remand with directions to the trial court to enter a judgment in Cameron’s favor in the amount of $108,000.
In 1994 Cameron’s husband negotiated with Freitag to obtain an investor to provide funds to Focus. Cameron’s husband produced Dr. Jack Barrett, who signed a contract to provide Focus $500,000 initially, and an additional $500,000 within 120 days of the initial investment. The contract called for Cameron to receive 2.5% of Focus stock after Dr. Barrett’s initial payment, and an additional 2.5% of Focus stock after Dr. Barrett’s second payment. Dr. Barrett made the initial payment, but did not make the second payment. Cameron never received any Focus stock and subsequently filed suit against Focus and Freitag, alleging breach of contract.
The parties litigated this case before the circuit court without a jury. The trial court rejected Cameron’s breach of contract theory, but found that .Cameron was entitled to the initial 2.5% of Focus stock as a finder’s fee. The court found that Cameron was not entitled to the second 2.5% of Focus stock because the second investment was never made. In awarding damages, the trial court reduced the award of $108,000, the value of 2.5% of Focus stock, by half “because of Cameron’s deception.”
On appeal, Cameron argues that the trial court erred in reducing the award and in failing to award the second 2.5% of Focus stock. We affirm the trial court’s finding that Cameron is not entitled to the value of the second 2.5% of the stock because Dr. Barrett did not make the second payment of $500,000. We also affirm the trial court’s .finding that the value of the initial 2.5% of Focus stock was $108,000.
*485 We reverse the trial court’s finding that the $108,000 must be reduced by half “because of Cameron’s deception.” This statement is apparently based upon the facts that (1) at the time Cameron’s husband was arranging this transaction, he was under investigation for income tax evasion and was convicted of that charge in 1995; and (2) during a deposition, Cameron advised that she was not familiar with the details of the investigation into her husband’s activities. We cannot be certain whether it was Cameron or her husband the trial court found to be deceptive. Even if the trial court was referring to Cameron, we can find no basis in the statutes or case law to support the 50% reduction in damages. Focus and Freitag received the full benefit of the bargain in regard to Dr. Barrett’s initial payment and have shown no damages. We can discern no reason to deny Cameron her lawful entitlement under the contract.
Affirmed in part; reversed in part and remanded with directions to the trial court to enter a judgment in favor of Cameron in the amount of $108,000.
CASANUEVA and STRINGER, JJ., Concur.